# ALBERTO ZANABRIA Y GARCIA

*v.*

# PONCE RAILWAY & LIGHT COMPANY.

---

Ponce, Law, No. 212.

PERSONAL INJURIES.

1. In estimating damages the jury may consider the extent of the injuries, expectancy of injured child's life, suffering he may have to endure through life, physically and mentally, and his impaired ability to earn a living.
2. A child four years old cannot be guilty of contributory negligence.
3. Street car companies operating cars over crowded streets must exercise greater caution than if operating through less populous districts.
4. They must keep a sharp lookout at places where children may be on tracks, and must exercise all reasonable care to avoid accidents.
5. A crowded condition of the street by vehicles, etc., imposes on the motorman a greater obligation.
6. It is negligence to push a coal car in front of a trolley car without a fender, and with no lookout on the same, nor any way of observing the track from the trolley car.
7. The negligence of the parent cannot, in such cases, be imputed to the child.
8. Nevertheless, if the company exercised reasonable care, the negligence of the parent can be imputed to the child.
9. If the accident was inevitable, no damages can be recovered.

Case tried January 23, 1907.

---

*Messrs. Boerman & Llorens,* attorneys for plaintiff.

Zanabria y Garcia v. Ponce Railway & L. Co.

*Messrs. Pettingill & Leake,* attorneys for defendant.

Instructions by RODEY, Judge:

## Statement.

The facts of the case were about as follows:

The defendant conducts an ordinary trolley street car line in the city of Ponce, Porto Rico. The street where the accident took place is thickly populated. At the time of the occurrence, defendant caused a long gondola coal car, with its sides and ends in place, to be pushed in front of its trolley car along the street in question. This coal car had no fender or other appliance to prevent injuring pedestrians who might happen to be in front of it. Its length and size effectually prevented the motorman from seeing what might be on the track for many feet immediately in front of it. No lookout was kept on the front end or any other part of this box car. A car coming in the opposite direction was on a side track as the car in question passed. Several ox carts and many people were passing in both directions along the street at the time, and considerably obstructed the view, rendering additional care all the more necessary. The plaintiff, a child of some four or five years of age, came around the end of the trolley car that was on the side track, and, without being seen, attempted to cross in front of the coal car that was being pushed in his direction, when he was knocked down and injured by it. Further details may be gathered from the instructions.

RODEY, Judge, omitting the formal parts, gave the following charge and instructions to the jury:

The pleadings in this case admit that this suit is properly

brought in the name of this child and for his benefit by his father, who is his natural guardian, and, in law, his next friend, and asks for damages in the sum of $20,000 for the injuries which the child sustained in the manner shown by the evidence presented in the case. The number of these instructions that refer to one side or the other are the result of the law and the evidence, and indicate no leading of the court as to the decision of any fact, save as in the same stated.

If you believe from a preponderance of the evidence that the proximate cause of the injury to the child was the negligence of the defendant company, then you must find for the plaintiff; and you may assess his damages at any reasonable sum you believe the evidence shows him to be entitled to, up to the amount thus claimed in the declaration. You may take into consideration the extent of the injury, as evidenced by the appearance of the wounds upon the child's head and other parts of his body, and as evidenced by the medical and other testimony in the cause, and the expectancy of life of the child, considering the number of years he may have to live in the condition in which the evidence shows him to be, of both body and mind, and the suffering, if any, he may have to endure through life in both body and mind, and, in addition, the manner in which it will affect, if at all, his ability to earn a living, as compared with what his chances in life would have been had he not been so injured.

You are instructed that the evidence in this cause and the child's own appearance show him to have been of such tender years at the time of the occurring of the injury as that the child himself could not, in law, be guilty of any contributory negligence, which, were he older and so guilty of contributory negligence, might prevent his recovery of any damages.

Zanabria y Garcia v. Ponce Railway & L. Co.

You are instructed that street railroad companies running their cars in public streets where people are passing to and fro continuously, and particularly in sections where, to their knowledge, children pass frequently to and fro over their tracks and play upon the same, are charged with the duty of exercising greater caution in their movements than if such railroad tracks passed over, and said cars were moved upon, less populous sections, or were extended through unsettled sections.

You are further instructed that it was the duty of this street railroad company, through its motorman or some other agent, to keep a careful lookout, and to employ all reasonable means to avoid accidents upon approaching any portion of its line where there was reason to expect that children might go upon the track; and you are further instructed that, if you believe from a fair preponderance of the evidence, that the car coming up from the playa was stopped on the switch, and ox teams were standing around it on the street so as to obstruct the view, greater caution was required from the motorman in such case in keeping a sharp lookout in front and to each side, and in keeping the car under control, so as to be able to stop it upon shorter notice and in a shorter distance than if the vision was unobstructed, so that the motorman might see some distance on either side as to whether or not injury was liable to occur to children approaching the track; and, if you so believe from the evidence that such a condition of affairs existed in this case, then, if you further believe from the evidence that the defendant did not so keep such careful and proper lookout, and did not keep its car under control as to speed, you should find for the plaintiff, and assess the damages within the limits as hereinbefore stated.

You are instructed that it is not denied in this case that the

defendant company pushed the empty coal car, which you saw
when you went to inspect the ground, in front of its trolley car
from the power house down towards the playa to the scene of
the accident, and if, from a preponderance of the evidence in
the cause, including your own inspection of the car, you believe
that there was no person placed on the car to keep a lookout or
watch on the front end thereof, and that it was impossible to
keep a proper lookout from the front end of the trolley car itself,
and that such fact was the proximate cause of the injury, then
you will find for the plaintiff, and assess the damages within the
limits as before instructed.

You are instructed that it is negligence in a street railway
company to push ahead of its trolley or motor car, a long, boxed
platform car without any fender or other protection to human
life in front of it, through the streets of a residence portion of
the town, where the view is, for any cause, or is liable to be,
obstructed, and children are accustomed, with the knowledge of
the company, to go upon the track, without exercising reasonable
caution in keeping the car under control as to speed, and keeping
a reasonable lookout to prevent accidents; and if you believe
from the evidence that the car in this instance was thus pushed
without a fender, over the track, and that no proper or reason-
able lookout was kept in front of and at the sides of the car
itself, and that, if such proper lookout or control of the car, or
either, had been kept, the accident could have been prevented,
notwithstanding the position of the ox teams, if any, and the
other trolley car on the parallel switch, and notwithstanding
the negligence, if any, which you may believe the parents
of the child guilty of in permitting the boy to stray upon the
track, then you should find for the plaintiff, and assess his
damages as heretofore instructed.

Zanabria y Garcia v. Ponce Railway & L. Co.

If you believe from the evidence that the parents of this child were guilty of negligence in permitting the little boy to escape from their residence and go upon the street car track in question, and that such negligence was the proximate cause of the injury, and that the defendant company exercised due and proper care and diligence to prevent the accident, but that the same was unavoidable, notwithstanding the exercise of such care, then you should find for the defendant.

If you believe that this whole injury was the result of an inevitable and unavoidable accident, and not attributable to the negligence of any person whatsoever, you should find for the defendant.

The verdict was for the plaintiff in the sum of $1,000. The boy's father thereafter sued defendant for loss of his services, etc., but the suit failed. See 3 Porto Rico Fed. Rep. 106.